## COMMONWEALTH *vs.* FRANKLIN WILLIAMS.

Personal property in the possession of a married woman is to be presumed, in the absence of other evidence, to be the property of her husband, notwithstanding the *St.* of 1855, c. 304, enabling married women to have property in their own right and to their own use, and to trade on their own account; and must be described as the property of the husband in an indictment for stealing it.

SHAW, C. J. An indictment against the defendant charged him, in two counts, with stealing and attempting to steal a purse and money from the person of a woman named, alleging it to be the property of a person bearing a man's name. On the evidence, it appeared that she was a married woman; that she had been married a number of years; and that the man, whose property the money was alleged to be, was her husband. The exception is, that, it having been found in her possession, it should have been averred to be her property.

It was the rule of the common law, adopted and acted upon in this commonwealth, that money in possession of a married woman is, in contemplation of law, in the absence of other proof the property of the husband, and must be so averred when averment of property is necessary. *Commonwealth* v. *Manley*, 12 Pick. 173. *Commonwealth* v. *Davis*, 9 Cush. 283.

But it is insisted, on the part of the defendant, that this rule of the common law is altered by *St.* 1855, c. 304, which enables married women to have money and property in their own right

and to their own use, and to trade on their own account; and that her personal possession raises the presumption of fact that it is her own.

But the court are of opinion that this statute works no such change in the rule of law, founded in the presumption of fact It enables a married woman to hold money and personal property within certain limits, and obtained in a particular manner, but that is an exceptional case, and does not vary the presumption of fact, which still is, in the absence of other evidence, that money held by the wife is the property of the husband; and the party, whose case requires him to prove property in the wife, must rebut such presumption, and show the facts which bring it within the statute, as a case in which the statute declares it to be the separate property of the wife.

In the present case, the presumption of fact from the possession of the wife was, that the purse and money were the property of the husband, and there was no evidence to rebut that presumption; the fact is established by the proof, as laid in the indictment, and there is no variance. The directions of the judge were correct, and well adapted to the state of the evidence before the jury.     *Exceptions overruled.*

*B. Sanford,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.